*Not For Publication*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE'S WEB, INC., <br> Plaintiff, <br> vs. <br> AAXLL SUPPLY CO. LLC, <br> Defendant. <br> AAXLL SUPPLY CO. LLC, <br> Counterclaimant, <br> vs. <br> CHARLOTTE'S WEB, INC., <br> Counter-Defendant. | Case No. 4:20-cv-02692-YGR <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND STRIKE <br><br> Re: Dkt. No. 55 |

On November 10, 2020, the Court heard oral argument on plaintiff and counter-defendant Charlotte's Web Inc's ("CW") motion to dismiss and strike, which was fully briefed. (Dkt. Nos. 55, 56, 57.) The Court spent considerable time, on the record, describing the shortcomings of the counterclaim. Given that leave will be given to revise the counterclaim, and having carefully considered the briefing and arguments submitted in this matter, the Court confirms its initial indications and **GRANTS IN PART** and **DENIES IN PART** CW's motion to dismiss and strike on the following grounds:

   **I.     Motion to Dismiss**[1]

   Second, Third, and Eighth Counterclaims: **GRANTED WITH LEAVE TO AMEND**. In general, "when [a] plaintiff competes directly with defendant, a misrepresentation will give rise to a

---

[1] The standards with respect to these motions are well-known and are not in dispute.

1 *presumed commercial injury* that is sufficient to establish standing." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 827 (9th Cir. 2011) (emphasis supplied). Here, although sparse, defendant and counterclaimant AAXLL Supply Co. LLC d/b/a Balance CBD ("Balance CBD") properly alleges that it is a competitor of CW in selling hemp wellness products. (*See generally* Dkt. No. 54 at 13, 33, 34, 43, 54.) Thus, the Court concludes that there is sufficient Article III standing for the second, third, and eighth counterclaims. *See*, *e.g.*, *Thermolife Int.'l LLC v. Sparta Nutrition LLC*, CV-19-01715-PHX-SMB, 2020 WL 248164, at *4-5 (D. Ariz. Jan. 16, 2020) (finding Article III standing based on similar allegations).

With respect to the Lanham Act counterclaims, the second and third counterclaims, Balance CBD fails to allege such claims adequately. To bring a false advertising claim under the Lanham Act, a claimant must allege: (1) that the plaintiff's interests fall within the zone of interests protected by the Lanham Act; and, (2) that its injuries are proximately caused by the defendant's actions. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014). "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 131-32. Mere allegations that one "has 'suffered, and will continue to suffer damage to its business, reputation, and good will and has lost sales and profits,' . . . falls far short of establishing enough factual allegations to show its claim falls within the 'zone of interests.'" *See ThermoLife Int'l*, 2020 WL 248164, at *7 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Moreover, the "proximate-cause requirement generally bars suits for alleged harm that is too remote from the defendant's unlawful conduct." *Lexmark Int'l, Inc*, 572 U.S. at 133.

Here, Balance CBD has not alleged sufficient allegations regarding competitive harm. *Thermolife,* 2020 WL 248164, at *7 ("[The complaint] simply alleges [p]laintiff has 'suffered a commercial injury to its reputation or sales' that is 'harmful to [its] ability to compete in the dietary supplement market.' . . . This does not set forth sufficient factual allegations to show that [p]laintiff's injury falls within the zone of interests."). Moreover, because of the deficiency with respect to the allegations of alleged competition, Balance CBD also failed to allege that the injuries are proximately caused by CW's actions. *See id.* at *9 ("[T]here could be any number of

intervening reasons for why Plaintiff's sales decreased, including new market entrants, increased . . . regulation, a reduction of consumers' discretionary income, or even a change in consumer preferences . . . . Simply put, the Complaint's vague and speculative allegations do not show Defendant's false advertising caused its harm any more than any one of these reasons could have. . . . Without more, the Court is hesitant to disregard these many 'obvious alternative explanation[s]' for Plaintiff's vaguely identified injuries even accepting the Complaint's well-pled allegations as true."). Accordingly, the motion is **GRANTED WITH LEAVE TO AMEND** with respect to the second and third counterclaims.

Finally, with respect to the eighth counterclaim based on the Unfair Competition Law ("UCL"), Balance CBD also fails to allege such a claim adequately. A plaintiff is required to allege for a UCL claim that it has (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition. *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-60 (9th Cir. 2009). "The requisite injury must be 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* at 960 (citation omitted). For similar reasons as discussed for the Lanham Act, Balance CBD has not yet sufficiently alleged sufficient facts demonstrating that any harm to Balance CBD is due to CW's actions. Accordingly, the motion is **GRANTED WITH LEAVE TO AMEND** with respect to eighth counterclaim.

## II.   Motion to Strike

First and Third Affirmative Defenses: **GRANTED WITHOUT LEAVE TO AMEND**. Balance CBD's first affirmative of priority of use is duplicative of its tenth affirmative defense based on illegality. Moreover, based on the pleadings and record in this matter, Balance CBD cannot amend to state such a defense. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("It is a cardinal principle of federal trademark law that the party who uses the mark first gets priority."), *cert. denied*, 559 U.S. 992 (2010). Balance CBD further does not contest the striking of the third affirmative defense of deceptive misdescriptive. Accordingly, the motion is **GRANTED WITHOUT LEAVE TO AMEND** as to these affirmative defenses.

Sixth, Seventh, and Eighth Affirmative Defenses: **DENIED**. As discussed at the hearing, the sixth (acquiescence), seventh (waiver), and eighth (estoppel) affirmative defenses are not appropriately stricken at this time. This is especially so where neither party cites authority foreclosing Balance CBD from relying on these affirmative defenses and on CW's past actions with respect to other entities and individuals. Accordingly, the motion with respect to these affirmative defenses is **DENIED**.

Twelfth Affirmative Defense: **GRANTED WITH LEAVE TO AMEND**. As the Court explained in *Products & Ventures International v. Axus Stationary (Shanghai) Ltd.*, a defendant "must plead facts sufficient to establish the applicability of" the failure to mitigate damages defense. No. 4:16-cv-00669-YGR, 2017 WL 1330598, at *4 (N.D. Cal. Apr. 11, 2017) (striking affirmative defense of failure to mitigate damages). Here, Balance CBD's twelfth affirmative defense, a failure to mitigate damages, lacks sufficient allegations establishing its applicability. Accordingly, the motion is **GRANTED WITH LEAVE TO AMEND** as to the twelfth affirmative defense.

A third amended answer and counterclaims is due within **twenty-one (21) days** of the date of this Order. CW shall thereafter file a response within **twenty-one (21) days** from the date of the filing of the third amended answer and counterclaims

This Order terminates Docket Number 55.

**IT IS SO ORDERED.**

Dated: November 24. 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**