1    COOLEY LLP
     BRENDAN J. HUGHES (*pro hac vice*)
2    (bhughes@cooley.com)
     1299 Pennsylvania Ave. NW, Suite 700
3    Washington, DC 20004
     Telephone:    (202) 842-7800
4    Facsimile:    (202) 842-7899

5    JOHN PAUL OLEKSIUK (283396)
     (jpo@cooley.com)
6    1333 2nd Street, Suite 400
     Santa Monica, CA 90401-4100
7    Telephone:    (310) 883-6400
     Facsimile:    (310) 883-6500
8
     JUDD D. LAUTER (290945)
9    (jlauter@cooley.com)
     3175 Hanover Street
10   Palo Alto, CA 94304-1130
     Telephone:    (650) 843-5000
11   Facsimile:    (650) 849-7400

12    Attorneys for Plaintiff/ Counterclaim
     Defendant
13    *Charlotte's Web, Inc.*

     GREENSPOON MARDER LLP
     SHARON A. URIAS (180642)
     (sharon.urias@gmlaw.com)
     8585 East Hartford Drive, Suite 700
     Scottsdale, AZ  85255
     Telephone:    (480) 306-5458
     Facsimile:    (480) 306-5459

     STUART F. KNIGHT (*pro hac vice*)
     (stuart.knight@gmlaw.com)
     1144 15th St., Suite 2700
     Denver, CO 80202
     Telephone:    (720) 370-1163

     Attorneys for Defendant/
     Counterclaim Plaintiff
     *AAXLL Supply Co LLC d/b/a Balance CBD*

14

15                  **UNITED STATES DISTRICT COURT**

16                 **NORTHERN DISTRICT OF CALIFORNIA**

17                        **OAKLAND DIVISION**

18

19   Charlotte's Web, Inc., a Delaware corporation,    |   Case No. 4:20-cv-02692-YGR

20                  Plaintiff and Counterclaim          |   **STIPULATED PROTECTIVE ORDER**
                    Defendant,                          |   Judge: Hon. Yvonne Gonzalez Rogers
21
             v.
22                                                      |   Complaint Filed:  April 17, 2020

23   AAXLL Supply Co LLC d/b/a Balance CBD, a
     Delaware Limited Liability Company
24

25                  Defendant and Counterclaim
                    Plaintiff.
26

27

28

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to

2

the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel: attorneys, paralegals, and other law firm personnel who are not employees of a party to this action but are retained to represent or advise a party to this action. With respect to Plaintiff and Counterclaim Defendant, Charlotte's Web, Inc., Outside Counsel shall mean all attorneys, paralegals and other personnel at Cooley LLP. With respect to Defendant and Counterclaim Plaintiff, AAXLL Supply Co LLC d/b/a Balance CBD, Outside Counsel shall mean all attorneys, paralegals and other personnel at Greenspoon Marder, LLP. With respect to all of the parties, Outside Counsel shall also means any outside counsel of record who may enter this case in the future.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, document review, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the

4

1   extent it is practical to do so, the Designating Party must designate for protection only those parts

2   of material, documents, items, or oral or written communications that qualify – so that other

3   portions of the material, documents, items, or communications for which protection is not

4   warranted are not swept unjustifiably within the ambit of this Order.

5           Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

6   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

7   encumber or retard the case development process or to impose unnecessary expenses and burdens

8   on other parties) expose the Designating Party to sanctions.

9           If it comes to a Designating Party's attention that information or items that it designated for

10  protection do not qualify for protection at all or do not qualify for the level of protection initially

11  asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

12  mistaken designation.

13  5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

14  second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

15  Discovery Material that qualifies for protection under this Order must be clearly so designated

16  before the material is disclosed or produced.

17          Designation in conformity with this Order requires:

18          (a) for information in documentary form (e.g., paper or electronic documents, but excluding

19  transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

20  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

21  each page that contains protected material. If only a portion or portions of the material on a page

22  qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

23  by making appropriate markings in the margins) and must specify, for each portion, the level of

24  protection being asserted.

25          A Party or Non-Party that makes original documents or materials available for inspection

26  need not designate them for protection until after the inspecting Party has indicated which material

27  it would like copied and produced. During the inspection and before the designation, all of the

28  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

1  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

2  copied and produced, the Producing Party must determine which documents, or portions thereof,

3  qualify for protection under this Order. Then, before producing the specified documents, the

4  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

6  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

7  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

8  margins) and must specify, for each portion, the level of protection being asserted.

9       (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

10  Designating Party identify on the record, before the close of the deposition, hearing, or other

11  proceeding, all protected testimony and specify the level of protection being asserted. When it is

12  impractical to identify separately each portion of testimony that is entitled to protection and it

13  appears that substantial portions of the testimony may qualify for protection, the Designating Party

14  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

15  to have up to 21 days from receipt of a complete transcript to identify the specific portions of the

16  testimony as to which protection is sought and to specify the level of protection being asserted.

17  Only those portions of the testimony that are appropriately designated for protection within the 21

18  days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a

19  Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

20  properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22       Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or

23  other proceeding to include Protected Material so that the other Party can ensure that only

24  authorized individuals who have also signed the "Acknowledgement and Agreement to Bound"

25  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

26  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

27  – ATTORNEYS' EYES ONLY."

28       Transcripts containing Protected Material shall have an obvious legend on the title page that

the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

1  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

2  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

3  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

4  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

5  Party must explain the basis for its belief that the confidentiality designation was not proper and

6  must give the Designating Party an opportunity to review the designated material, to reconsider the

7  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

8  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

9  has engaged in this meet and confer process first or establishes that the Designating Party is

10  unwilling to participate in the meet and confer process in a timely manner.

11          6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

12  intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery

13  and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality

14  within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the

15  meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating

16  Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth

17  above) with the Court shall automatically waive the confidentiality designation for each challenged

18  designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any

19  such motion must be accompanied by a competent declaration affirming that the movant has

20  complied with the meet and confer requirements imposed in the preceding paragraph. The Court,

21  in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

22          In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality

23  designation at any time if there is good cause for doing so, including a challenge to the designation

24  of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court

25  allows that a motion may be filed, any motion brought pursuant to this provision must be

26  accompanied by a competent declaration affirming that the movant has complied with the meet and

27  confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to

28  refer the discovery matter to a Magistrate Judge.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:20-CV-02692-YGR

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

9

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the Court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons specified in Sections 7.2 (a), (c), (d), (e), (f), and (g), above.

7.4   Procedure for Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written disclosure to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) attaches a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), signed by the Expert, (5) identifies the Expert's current employer(s), (6) identifies each person or entity from whom the Expert has received compensation or funding for work in

1    his or her areas of expertise or to whom the expert has provided professional services, including

2    in connection with a litigation, at any time during the preceding five years[1], and (7) identifies (by

3    name and number of the case, filing date, and location of court) any litigation in connection with

4    which the Expert has offered expert testimony, including through a declaration, report, or

5    testimony at a deposition or trial, during the preceding five years.

6        (b)  A party that makes a request and provides the information specified in the preceding

7    respective paragraphs may disclose the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8    ONLY" information or item to the identified Expert unless, within 7 days of delivering the

9    request, the Party receives a written objection from the Designating Party.  Any such objection

10   must set forth in detail the grounds on which it is based.

11       (c)  A Party that receives a timely written objection must meet and confer with the

12   Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement

13   within seven days of the written objection.  If no agreement is reached, or the Designating Party

14   refuses to meet and confer, the Party seeking to make the disclosure to the Expert may file a motion

15   as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

16   seeking permission from the Court to do so.  Any such motion must describe the circumstances

17   with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably

18   necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means

19   that could be used to reduce that risk. In addition, any such motion must be accompanied by a

20   competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the

21   extent and the content of the meet and confer discussions) and setting forth the reasons advanced

22   by the Designating Party for its refusal to approve the disclosure.

23       In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

24   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

25   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

26

27   _____

28   [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

11

7.5     Insurance Carriers.  The Parties agree to consider and discuss in good faith any requests by Charlotte's Web to share a limited number of specific documents designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with representatives of Crum & Forster or their counsel in connection with their participation in any settlement conferences, provided that such individuals execute the Agreement to be Bound.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in

12

1   this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2   ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this

3   litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions

4   should be construed as prohibiting a Non-Party from seeking additional protections.

5       (b)   In the event that a Party is required, by a valid discovery request, to produce a Non-

6   Party's confidential information in its possession, and the Party is subject to an agreement with the

7   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

8           1.   promptly notify in writing the Requesting Party and the Non-Party that some

9   or all of the information requested is subject to a confidentiality agreement with a Non-Party;

10          2.   promptly provide the Non-Party with a copy of the Stipulated Protective

11  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

12  the information requested; and

13          3.   make the information requested available for inspection by the Non-Party.

14      (c)   If the Non-Party fails to object or seek a protective order from this court within 14

15  days of receiving the notice and accompanying information, the Receiving Party may produce the

16  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

17  seeks a protective order, the Receiving Party shall not produce any information in its possession or

18  control that is subject to the confidentiality agreement with the Non-Party before a determination

19  by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense

20  of seeking protection in this court of its Protected Material.

21  10.   PRIVILEGE LOG

22      With respect to any documents requested which are withheld or redacted based upon a

23  claim of privilege (or subject to a recognized immunity from discovery), the Producing Party

24  shall submit a log detailing the following for each document:

25      (a)   A description of the document sufficient to allow the Receiving Party to assess the

26  privilege claim without disclosing any privileged information;

27      (b)   the author(s), if applicable;

28

13

1    (c)    the person(s) to whom it was addressed or to whom the document or a copy of the

2    document was sent, if applicable;

3    (d)    the nature or basis of the privilege claimed; and

4    (e)    the date of the document, if applicable.

5    The parties will not be required to log privileged communications or attorney work product

6    between themselves and Outside Counsel relating to this lawsuit dated after the commencement of

7    this lawsuit on April 17, 2020.

8    To the extent that a privileged document is a member of a document family (e.g., an email

9    and its attachments) containing non-privileged material responsive to the requesting party's

10   document requests, the responsive, non-privileged material must be produced, and the withheld

11   material shall logged pursuant to this Section 10 and a slipsheet included in the production

12   identifying that certain members of the family were withheld in their entirety based on a claimed

13   privilege.  The slipsheet shall include the following legend to identify it as being withheld based

14   on a claimed privilege: "WITHHELD BASED ON A CLAIM OF PRIVILEGE."

15   11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

17   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

18   the Receiving Party must immediately (a) notify in writing the Designating Party of the

19   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

20   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

21   terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

22   Agreement to Be Bound" that is attached hereto as Exhibit A.  If the unauthorized disclosure is in

23   the form of a public filing made through the Court's ECF filing system, the Receiving Party must

24   immediately take all steps outlined in the "Remove a Sensitive E-Filed Document" instructions

25   available at https://www.cand.uscourts.gov/ecf/correctingmistake#SENSITIVE.

26   12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

27         MATERIAL

28   When a Producing Party gives notice to Receiving Parties that certain inadvertently

14

produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

15

1   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

2   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

3   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

4   the Protected Material is returned or destroyed, the Receiving Party must submit a written

5   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

6   by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material

7   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

8   abstracts, compilations, summaries or any other format reproducing or capturing any of the

9   Protected Material. Notwithstanding this provision, Outside Counsel are not required to review

10  and/or purge email correspondence and are entitled to retain an archival copy of all pleadings,

11  motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

12  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

13  product, even if such materials contain Protected Material. Any such archival copies that contain

14  or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

15  (DURATION).

16      IT IS SO STIPULATED, through counsel of record:

17  DATED: February 9, 2021                     COOLEY LLP
                                                 BRENDAN J. HUGHES (*pro hac vice*)
18                                               JOHN PAUL OLEKSIUK (283396)
                                                 JUDD D. LAUTER (290945)
19

20                                               */s/  John Paul Oleksiuk*
                                                 John Paul Oleksiuk (283396)
21                                               Attorneys for Plaintiff and Counterclaim
                                                 Defendant
22                                               *Charlotte's Web, Inc.*

23

24  DATED: February 9, 2021                     GREENSPOON MARDER LLP
                                                 SHARON A. URIAS (180642)
25                                               STUART F. KNIGHT (*pro hac vice*)

26                                               */s/ Stuart F. Knight*
                                                 Stuart F. Knight (*pro hac vice*)
27                                               Attorneys for Defendant and Counterclaim
                                                 Plaintiff
28                                               *AAXLL Supply Co LLC d/b/a Balance CBD*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

*Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, John Paul Oleksiuk hereby attests that concurrence in the filing of this document has been obtained.*

Dated:  February 9, 2021

COOLEY LLP

*/s/ John Paul Oleksiuk*
John Paul Oleksiuk

Attorneys for Plaintiff
*Charlotte's Web, Inc.*

**IT IS SO ORDERED.**

Dated: February 11, _____, 2021

Hon. Yvonne Gonzalez Rogers
United States District Judge

17

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address]

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California in the case of Charlotte's Web, Inc. v. AAXLL Supply Co LLC d/b/a Balance CBD, No.

4:20-cv-02692-YGR. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

As soon as practical, but no later than sixty (60) days after final termination of this Action,

I shall return to the attorney from whom I have received them any documents in my possession

designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies,

excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, or otherwise

comply with Paragraph 14 of this Stipulated Protective Order.  Notwithstanding the foregoing, I

may retain an archival copy of any such documents and materials to the extent that I am required

to do so by law.  Any such archival remains subject to the Protective Order as set forth in Section

4.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

18

1

Date:  _____

2

City and State where sworn and signed:  _____

3

4

Signature:_____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19