COOLEY LLP
BRENDAN J. HUGHES (*pro hac vice*)
(bhughes@cooley.com)
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone:  (202) 842-7800
Facsimile:  (202) 842-7899

JOHN PAUL OLEKSIUK (283396)
(jpo@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401-4100
Telephone:  (310) 883-6400
Facsimile:  (310) 883-6500

JUDD D. LAUTER (290945)
(jlauter@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:  (650) 843-5000
Facsimile:  (650) 849-7400

DINA ROUMIANTSEVA (300576)
(droumiantseva@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile:  (415) 693-2222

Attorneys for Plaintiff/Counterclaim Defendant
*Charlotte's Web, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Charlotte's Web, Inc., a Delaware corporation,<br><br>          Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>AAXLL Supply Co LLC d/b/a Balance CBD, a Delaware Limited Liability Company<br><br>          Defendant and Counterclaim Plaintiff. | Case No. 4:20-cv-02692-YGR<br><br>[PROPOSED] **STIPULATED JUDGMENT AND PERMANENT INJUNCTION**<br><br>Complaint Filed: April 17, 2020<br>Judge: Yvonne Gonzalez Rogers |

This Court, pursuant to the Joint Motion for Entry of Stipulated Judgment and Permanent Injunction between Plaintiff and Counterclaim Defendant Charlotte's Web Inc. ("Charlotte's Web") and Defendant AAXLL Supply Co LLC d/b/a Balance CBD ("Defendant"), hereby ORDERS, ADJUDGES, and DECREES that:

1. This Court has jurisdiction over the subject matter of this action under 28 and 15 U.S.C. §§ 1331 and 1367.

2. This Court has personal jurisdiction over the parties hereto.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

4. As used herein, the "CHARLOTTE'S WEB Mark" refers to the word mark CHARLOTTE'S WEB.

5. Defendant acknowledges that: (a) the CHARLOTTE'S WEB Mark is a valid and protectable trademark in connection with hemp, CBD products, and any products or services related thereto; (b) the CHARLOTTE'S WEB Mark is not a generic term; (c) Charlotte's Web's State California and Colorado State trademark registrations for the CHARLOTTE'S WEB Mark are valid and enforceable; and (d) Charlotte's Web owns all right, title, and interest in and to the CHARLOTTE'S WEB Mark.

6. Defendant has made unauthorized and infringing use of the CHARLOTTE'S WEB Mark to market and promote its CBD products.

7. Defendant has represented that its products marketed as "CHARLOTTE'S WEB TERPENE INFUSED" share a terpene profile with products and/or hemp cultivars developed by Charlotte's Web when, in fact, they do not share a terpene profile.

8. Defendant is not currently and has never been affiliated or associated Charlotte's Web, and Charlotte's Web does not approve, sponsor, or endorse Defendant or Defendant's products.

9. Charlotte's Web has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant described in Paragraphs 6 and 7.

10. Defendant, its officers, agents, servants, employees, parents, subsidiaries, affiliates, related companies and all persons in active concert or participation with them who receive actual notice of this injunction, are hereby permanently restrained and enjoined, pursuant to 15 U.S.C.

§ 1116, Cal. Bus. & Prof. Code §§ 14320 and 17200, California common law and Colorado common law, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities:

    a. Using the CHARLOTTE'S WEB Mark, or any confusingly similar variation thereof, in connection with marketing, promoting, advertising, selling, or distributing any goods or services in any manner that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation or association with, or endorsement or sponsorship by, Charlotte's Web or any products or services sold by Charlotte's Web;

    b. In connection with marketing, promoting, advertising, selling, or distributing any goods or services, making any implied or express statement that is likely to cause consumers to believe:

        i. That Defendant's CBD and hemp products or the CBD or hemp products of any third-party are derived from, consist of, or incorporate any hemp cultivars developed by or associated with Charlotte's Web or the CHARLOTTE'S WEB Mark;

        ii. That Defendant's CBD products or the CBD products of any third-party share a terpene profile with any hemp cultivars developed by or associated with Charlotte's Web or the CHARLOTTE'S WEB Mark.

    c. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device with the intention of circumventing or otherwise avoiding any of the obligations or prohibitions set forth herein.

11. Each of Defendant's counterclaims is hereby denied with prejudice.

12. Nothing set forth herein shall impair Charlotte's Web's right to seek all legal and equitable remedies that the Court deems appropriate in the event of a violation or failure by Defendant to comply with any of the provisions hereof.

13. This Stipulated Judgment and Permanent Injunction shall be deemed to have served upon Defendant at the time of its execution by the Court.

14. The Court finds there is no just reason to delay in entering this Stipulated Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Stipulated Judgment and Permanent Injunction against Defendant.

15. No appeals shall be taken from this Stipulated Judgment and Permanent Injunction; however, the parties preserve their respective rights to appeal any further action arising out of this Stipulated Judgment and Permanent Injunction.

16. This Court will retain continuing jurisdiction over this matter following the dismissal of the parties' claims in order to enforce the terms of this Stipulated Judgment and Permanent Injunction and the Settlement Agreement between the parties.

17. Each party shall bear its own attorneys' fees and costs incurred in this matter.

18. This Order terminates Docket Numbers 66 and 81.

IT IS SO ORDERED, ADJUDICATED, and DECREED this 24TH day of MARCH, 2021.

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA